6/25/2020 4:23 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 44046238
By: Mercedes Ramey
Filed: 6/25/2020 4:23 PM

## CAUSE NO. 202000039

| | | |
|---|---|---|
| Private home located at 5026 Autumn Forest Drive, Houston TX 77091, AKA the 1086470010020 Trust, AKA acct #1086470010020<br>Plaintiff,<br><br>v.<br><br>HARRIS COUNTY APPRAISAL DISTRICT<br>Defendant | § § § § § § § § § § § | IN THE **270th** JUDICIAL<br><br>DISTRICT COURT<br><br>IN AND FOR<br><br><br>HARRIS COUNTY, TEXAS |

## REQUEST FOR FINDINGS OF FACT AND CONCLUSIONS OF LAW

### STATEMENT OF CASE

This cause of action is to determine if a private, non-business home, should be on the appraisal record of the Harris County Appraisal District.

### REASON FOR REQUEST

Neither this Court nor defendant has provided a list of properties that are "exempt as required," nor was it explained how a private home is not one of this Man's God given and Constitutionally protected unalienable rights, nor have either delineated the factual meaning of terms or phrases of art that have been used in this case.

The District judge signed a final judgment on June 9, 2020

Said request is being timely made pursuant to TRCP Rule 296 within 20 days (June 29, 2020) after final judgment. Date submitted was June 25, 2020.

Said request is applicable for the Appeals Court due to *Greene v. Farmers Ins. Exch.*, 446 S.W.3d 761, 765 (Tex. 2014) and TRAP rule 26.1

Mr. Preisler presented evidence that only showed the location the private home and the court agreed. It did not show how or why a private home is taxable. Exhibit AA page 5 lines 5-8.

Plaintiff has shown that to be taxable only property in business was taxable, this was done by using case law. See both the *Morgan* and *Brinkman* case exhibits. This was not rebutted or disputed by the District either on paper or in the hearing.

Defendants argument was simply that property in Texas is taxable.

Plaintiff has also demonstrated using the organic laws and the laws of Florida what property is, by law, exempt from taxation or as the Texas Constitution puts it "exempt as required." Florida has that list while Texas does not. Exhibit AA page 16 line 7 through page 18 line 8.

Plaintiff invoked the Supremacy Clause indicating that federally protected rights are to be protected by the State and that all rights in one State are the same in every other. Exhibit AA page 7 lines 6-15.

This is how it is stated in the Art of Statutory Construction at pp. 366-368:

> As to the use of canons of construction, it does not stop with definitions and their dictionary meanings.[1] *If the court is bound by the legislative intent of the plain meaning of the whole statute, a fundamental canon applies that each word, phrase, sentence, section, etc., must be construed in light of the statute as a whole.*[2] *Consistent with the cardinal rule of relying on the words, the court must consider the canon that the entire statute is intended to be effective, and therefore the court should not read any language to be pointless or a nullity.*[3] *Further, in a statute dealing with words grouped together, all those words should be given a related meaning.*[4] *In addition, the express mention or enumeration of one person, thing, consequence, or class is the equivalent to an express exclusion of all others,*[5] and when the legislature has carefully employed a term in one section of a statute and excluded it within another, it should not be implied where excluded.[6]
>
> Finally, the court will solely focus on the law as written, if a just and reasonable and not an absurd result will be reached;[7] thereby, the court will read the statutes as adopted to be feasible in execution and not a useless act.[8] Therefore, the fundamental rule should be stated that a statute is clear and unambiguous or has a plain meaning when (1) all words have one reasonable, ordinary, technical, or legal meaning depending on the context and with the aid of and the use of relevant dictionaries; (2) when solely applying the canons of construction relating to the common sense use and meaning of the words, phrases, and sentences within the statute; and (3) there is *only one reasonable interpretation of the statute's meaning that renders the entire statute to be effective, thereby only mandating*

---

[1] TGS–NOPEC Geophysical Co. v. Combs, 340 S.W.3d at 439.

[2] *TGS-NOPEC Geophysical Co.*, 340 S.W.3d at 439; Fresh Coat, Inc. v. K-2, Inc., 318 S.W.3d 893, 901 (Tex. 2010); Harris Cnty. Hosp. Dist. v. Tomball Reg'l Hosp., 283 S.W.3d 838, 842 (Tex. 2009); *see also* TEX. GOV'T CODE ANN. § 311.021(2).

[3] Leordeanu v. Am. Protection Ins. Co., 330 S.W.3d 239, 248 n.35 (Tex. 2010); *see also* TEX. GOV'T CODE ANN. § 311.021(2).

[4] City of San Antonio v. City of Boerne, 111 S.W.3d 22, 29 (Tex. 2003)

[5] Johnson v. Second Injury Fund, 688 S.W.2d 107, 108–09 (Tex. 1985).

[6] Brown v. De La Cruz, 156 S.W.3d 560, 568 (Tex. 2004).

[7] *TGS-NOPEC Geophysical Co.*, 340 S.W.3d at 439; City of Dallas v. Abbott, 304 S.W.3d 380, 384 (Tex. 2010); Tex. Dep't of Prot. & Regulatory Servs. v. Mega Child Care, Inc., 145 S.W.3d 170, 177 (Tex. 2004); Fleming Foods of Tex., Inc., v. Rylander, 6 S.W.3d 278, 284 (Tex. 1999); *see also* TEX. GOV'T CODE ANN. § 311.021(3); Boykin v. State, 818 S.W.2d 782, 785–86 (Tex. Crim. App. 1991) (en banc).

[8] TEX. GOV'T CODE ANN. § 311.021(4); *In re* Mo. Pac. R.R. Co., 998 S.W.2d 212, 216 (Tex. 1999)

***rights, duties, obligations, and privileges that are feasible of execution.*[9]** Such a statement is a mouthful and is not easy to recite, but it actually reflects what the court is doing when finding that a statute is clear and unambiguous.

NOTE: due to an error in submission I am reincluding Exhibit E in this notice as the second page was not included in the original submission. This affidavit[10] was not contested by the appraisal district at any point in time and was mentioned in the June 9 2020 hearing as shown in Exhibit AA page 11 line 3. There should me no objection to the inclusion of the second page as it is clear that certification and all other dates on page 2 are the same as page 1, it was also accepted by the Court and Mr. Preisler during the hearing as admitted evidence.

## UNDISPUTED FACTS

At least these *should* be undisputed facts.

All laws come from God and Nature, are codified through the Declaration of Independence in what is called WE THE PEOPLE's life, liberty and pursuit of happiness. The federal Constitution and its amendments protect these rights where no person, government or political subdivision thereof may abridge them.

These rights are then "guaranteed" through Sec. 1 Art. 1 Texas Constitution and others, the implementation of the Supremacy Clause. For it is true that even the State or County department of corrections must provide the most basic of rights – food, clothing and shelter - to those housed by them as inmates.

It should also be undisputed that all statutes or codes cannot violate any God given or Constitutionally protected rights. Exhibit AA page 7 lines 10-15

WE THE PEOPLE's rights to have and hold property and be secure in them and in other various rights have been protected throughout the history of this Country in such cases as: Hale v. Henkel, 201 U.S. 43 (1905), Frantz v. Autry, 18 Okla. 561 (1907), Marbury v. Madison, 5 U.S. 137 (1803), Scott v. Sandford, 60 U.S. (19 How.) 393 (1856), Boyd v. U.S., 116 U.S. 616 (1886), Bigelow v. Forrest, 9 Wall. 339 (1870), MR. Budd v. New York, 143 U.S. 517 (1892), Breese v.

---

[9] *See* Boykin v. State, 818 S.W.2d at 785–86.

[10] "As the facts alleged in defendant's motion were sworn to by him and not contested, they should have been accepted as true. Durham v. Flannagan, 2 Willson, Civ. Cas. Ct. App. § 22; Thomason v. Mason (Tex. Civ. App.) 141 S. W. 1075, 1076; Green v. Cammack (Tex. Civ. App.) 248 S. W. 741." Morris v. National Cash Register Co., 44 S.W.2d 433 (1931), "Defendant has filed no counter-affidavit, and therefore for the purposes of the motion before the Court, the allegations in the affidavit of plaintiff must be considered as true, Federal Rules of Civil Procedure, Rule 9(d), 28 U.S.C.A. " *Group v. Finletter*, 108 F. Supp. 327, 328 (D.D.C. 1952)

Smith, 501 P.2d 159 (1972), Scheuer v. Rhodes, 416 U.S. 232 (1974), Butz v. Economou, 438 U.S. 478 (1978), Libretti v. U.S., 516 U.S. 29 (1995), and numerous others.

The Supremacy Clause of the Constitution of the United States (Article VI, Clause 2) dictates that:

> It provides that state courts are bound by, and state constitutions subordinate to, the supreme law.[11]
>
> A constitutional provision announcing the supremacy of federal law guarantees the Supremacy Clause assumes the underlying priority of federal authority, only when that authority is expressed in the Constitution itself.[12,13] No matter what the federal government or the states might wish to do, they have to stay within the boundaries of the Constitution. This makes the Supremacy Clause the cornerstone of the whole U.S. political structure.[14,15]

Sec. 1 Art. 1 of the Texas Constitution is that constitutional provision.

It is fact that as a judge you *should have* an oath of office that states as follows:

> "I,_____ do solemnly swear (or affirm), that I will faithfully execute the duties of the office of _____ of the State of Texas, and will to the best of my ability *preserve, protect, and defend the Constitution and laws of the United States and of this State*, so help me God."

Plaintiff hereby acknowledges judge's oath and hereby mandates that this Court take all steps to protect and defend the property rights laid out in God's and Nature's laws, as stated in the Declaration of Independence and protected through the Constitution and laws of the United States[16]. As an officer of the state you are bound by oath to protect the rights of Man from all political subdivisions of the government who have the power to corrupt these rights, to include the defendant.

You signed an order effectively vacating private property rights, my property rights, in Texas and now you are mandated to explain why you did so. To do so this court is mandated to come to

---

[11] Burnham, William (2006). *Introduction to the Law and Legal System of the United States (4th ed.)*. St. Paul, Minnesota: Thomson West. p. 41.

[12] Morrison, Alan B. (1998). "Preemption Controversies". *Fundamentals of American law*. Oxford University Press US. p. 31. ISBN 978-0-19-876405-2.

[13] This is accomplished through Sec. 1 Art. 1 of the Texas Constitution.

[14] Skousen, W. Cleon (1985). *The Making of America – The Substance and Meaning of the Constitution*. Washington D.C.: National Center for Constitutional Studies. p. 657. ISBN 9780934364669

[15] Drahozal, Christopher R. (2004). *The Supremacy Clause: A Reference Guide to the United States Constitution*. Greenwood Publishing Group. p. xiv. ISBN 9780313314476.

[16] See MR. Budd v. New York, 143 U.S. 517 (1892), SCHLESINGER v. RESERVISTS Committee, 418 U.S. 208 (1974), Scheuer v. Rhodes, 416 U.S. 232 (1974) and Butz v. Economou, 438 U.S. 478 (1978)

a conclusion that only one reasonable interpretation of the statute's meaning renders the *entire* statute to be effective, effectively mandating the rights, duties, obligations, or privileges that are feasible for the execution of the Districts mandate[17] to legitimately exercise its powers only on the objects to which it is applicable.[18]

The subject property, this Man's private home, is not in business as shown in Exhibit E. This was, as previously pointed out, not disputed or rebutted by affidavit.

A tax on an unalienable home is an obstruction of an owners' control of the property through a taking of its value or the taking of the property itself. Note that a taking of a properties value if done enough times may eventually surpass the actual value of the property itself rending the property devoid of value.

## FACTS IN DISPUTE

This court held that to be taxable property simply needed to be in Texas and that because there is no list of property that is constitutionally "exempt as required" in Texas then basically no property fell into this category. Both of these "alleged principles" are being disputed by the plaintiff. As such, the record now reflects a breach of your oath of office to "preserve, protect and defend the Constitution" to preserve the Life, Liberty and Pursuit of Happiness of this American and Texan, and exercised a dereliction of duty to provide honest services in violation of Section 1983 of Title 42.[19] The right to have unobstructed control of land free from arbitrary governmental interference was stated by the Fifth Circuit in *Reece v. Scoggins*, 506 F.2d 967 (5th Cir. 1975).

This court decided when ruling for the District that the meaning of the phrase in §11.01(b) "located in this state" simply meant something had to be physically in Texas. I disagree.

Plaintiff believes the contentious phrase in both §11.01(b) and (c) must by default mean the same thing, as stated in *Brinkman* and implied in *Morgan* when that court talked about the banks physical branch office, because it is a fact that real property is also in this state for longer than a temporary period. The phrase "for longer than a temporary period" if written into §11.01(b) for real property is simply repetitive and unnecessary. To this extent *City of San Antonio v. City of Boerne* holds precedent – no language in a statute is pointless or a nullity, and that this grouping

---

[17] *See* Boykin v. State, 818 S.W.2d at 785–86.
[18] *McCulloch v Maryland*, 17 U.S (4 wheat) 316, 428, 4 L.Ed. 579
[19] See *Hafer v. Melo*, 502 U.S. 21 (1991), *Alabama v. Pugh*, 438 U.S. 781 (1978), *Maine v. Thiboutot*, 448 U.S. 1 (1980); *Martinez v. California*, 444 U.S. 277 (1980)

of words must be given a related meaning. Hence, the words in 11.01(b) and (c) must be given a related meaning in order to reach a just, reasonable and effective conclusion and not yield in an absurd result or one that would violate the Federal Constitution. For these reasons "located in this state" means both being in business and domiciled in Texas and not just physically in Texas.

To the extent mentioned supra 1) the meaning of a group of words as defined by the appellate court in *Brinkman*, 2) the fact that real property must out of necessity be "located in this state for longer than a temporary period of time," and 3) that related words must have the same meaning, gives credence to the fact that it can then be rightfully argued that a private non-business home is not within the express meaning of the statutory words "located in this state."

Additionally, as late as April 27, 2020 the United States Supreme Court held:

> "In a democracy, the Court reasoned, "the People" are "the constructive authors" of the law, and judges and legislators are merely "draftsmen . . . exercising ***delegated*** authority." GEORGIA, ET AL., v. PUBLIC.RESOURCE.ORG, INC. 590 U.S. \_\_\_\_ 2020.

A judge's delegated authority, according to all history of this Country, is to protect WE THE PEOPLE's life, liberty and pursuit of happiness.

## **DUE PROCESS AND OTHER POTENTIAL VIOLATIONS**

In all my documentation this court has been presented not only an abundance of case law, evidence and the Florida state rule showing what is or is not taxable and why this is so, you now have case law in this document showing how you have violated my due process rights and your oath of office. Your honor now has the opportunity to correct these errors. Or, are you going to let the money you receive from the Harris County (Exhibit Z[20]) taint your opinion and provide yet another due process violation?[21] As your Honor did not deny receiving these funds and even commented on Exhibit AA page12 lines 8-9 "I wish you'd give them a raise in there, but that's a whole other topic." At this point it boggles the mind that you did not see this as a potential conflict of interest or simply the mere appearance of bias.

---

[20] Admissible to federal court under Fed. Rul. of Evi. 901
[21] See *Ward v. Village of Monroeville*, 409 U.S. 57 (1972), *Tumey v. Ohio*, 273 U.S. 510 (1927), *Concrete Pipe & Products of Cal. INC. v. Construction Laborers Pension Trust for Southern Cal.*, 508 U.S. 602 (1993), *Williams v. Pennsylvania R. Co et al.*, 91 F. Sup. 652 (1950), and *Liljeberg v. Health Services Acquisition Corp.*, 486 U.S. 847, 108 S.Ct. 2194 (1988).

In *Pulliam v. Allen*, 466 U.S. 522 - 1984, and others, the U.S. Supreme court has held that you, a judge, are not immune to a 42 U.S. Code §1983 action upon which this plaintiff has the right to ask a federal court for injunctive and declaratory relief should you continue to violate the plain and basic rights of the Plaintiff.

Under §1981 you failed to recognize that this Man's rights to property and the taxing agencies limitation of rights on said property in Texas are the same as in Florida.

Under §1982 you now have notice that the tax scheme has the ultimate potential of losing my rights to hold and or convey said real property or in the alternative takes value away from property.[22]

Under §1994 you now have notice that the tax scheme, with its current enforcement on private property rights of WE THE PEOPLE, is in effect and actuality an act of peonage perpetrated by the enforcers of the scheme.

Under §1985 you now have notice that the tax scheme is a conspiracy by the District, its attorneys or contractual hires, the state judiciary and the collectors to deprive my rights under §1982, and §1983 and violates the spirit and intent of §1994.

According to TRCP Rule 145, an indigent party is not required to pay costs unless the indigent status is challenged. This status has not been challenged. Upon request for a written record of hearing on June 9, 2020 your honor indicated that plaintiff was on his own to obtain the written record. May I now remind this court that a court reporter is, according the Texas Supreme Court Clerk, an officer of the court and said "costs" of transcribing the hearing must be provided by the court. I can understand why her Honor stated that plaintiff must obtain the written record for himself as the court's website as of June 16, 2020 states that the court reporter position is vacant. Plaintiff has been blessed because he found a court reporter who offered to do the work pro bono. Plaintiff is of the opinion that honest services should be honestly paid. Therefore, I am requesting from this court the procedure for the reporter to obtain payment from the funds provided for indigent persons. If the plaintiff was unable to find this very generous offer and plaintiff would have been stuck with the tab it is yet another violation of due process. Should this court be unable or unwilling to provide the procedure to provide just compensation, plaintiff will consider it yet

---

[22] *Knick v. Township of Scott, Pennsylvania, et al.* 588 U.S. ___ (2019). *Jacobs v. united States,* 290 U.S. 13. *First English Evangilical Lutheran Church of Glendale v. County of Los Angeles,* 482 U.S. 304

another way this court did NOT provide honest services to the plaintiff and a violation of due process.

## AN OPPORTUNITY TO CLARIFY

This court is now being provided the opportunity, through this findings of fact and conclusions of law, to offer the declaratory relief mandated by the plaintiff or provide the necessary facts and conclusions *in its own words* to substantiate the right of any political subdivision of the state to interfere with the private, non-business, property rights of WE THE PEOPLE.

Should no facts or conclusions be proffered by this court, none were written into the "final judgement" and it has been made clear that the Texas appellate courts uphold this unconstitutional scheme upon *private homes*, then plaintiff can only determine that said declaratory relief was attempted and was unavailable in state courts.

As stated in §1983 and by the U.S. Supreme Court plaintiff has the right of redress to bring to task all officers - appointed, elected or hired – working on behalf of a political subdivision who violate said Constitutionally protected rights or rights such as due process or honest and unbiased services by its officials. This is an attempt to finally, once and for all, have the questions below answered.

Is it the opinion of this court that the Declaration of Independence and the Supremacy Clause are outdated or irrelevant? If so then you should rescind your order and recuse yourself.

If it is the opinion of this court that the words in the Declaration, that ALL men are created equal and endowed by their creator with certain unalienable rights are just old unenforceable words on a dead document then you should rescind your order and recuse yourself.

Is it the opinion of this court that the cases cited in Beal's Art of Statutory Construction are somehow irrelevant or simply too high a standard for this court to meet? If so then you should rescind your order and recuse yourself.

Should you have recused yourself prior to your ruling? Is there a valid reason you, as a State Judge, are getting paid by the county to the tune of at least $18,000.00 per year (and at least $9,000.00 for appellate court judges) when the District and Mr. Farrar are being paid out of the District/county coffers? How is everyone getting paid by the District/county, except me, lead to a fair unbiased opinion? Does this bear the resemblance of an appearance of conflict or the appearance of bias? Why should this case be brought before a Texas appeals court, and not a federal court, when the appeals courts are all under the same fog of conflict?

Let's face it – not one single state judge at any level has ever answered these issues when it comes to private, **unalienable** property – I don't know if it is because I don't have a lawyer, perhaps you condemn someone for standing up for their God given Rights… maybe you persons sitting on the bench believe that these rights endowed by God our Creator are irrelevant, or perhaps it is because we do not have a law degree or a bar card? I just do not know. Well here is interesting trivia - Abraham Lincoln did not have a law degree and he knew that he could not just invade the Confederacy because it was the right of the people and the States to break from the Union. He knew and understood what the Constitution said and upheld it as an attorney and as President. I would ask that you conduct yourself in the same manner as President Lincoln.

Ask the appraisal districts throughout Texas questions about definitions and meanings of terms/phrases and one receives many different responses – do you want to see their responses; I can physically show them to you. You, and they, apparently just do not care. And why should you, all parties are making money off this scheme except of course the home owner. The courts are not applying the Constitutions or the basic legal principals unless it suits their needs and the needs of the County they serve. Is it because judges feel that the Supremacy Clause and WE THE PEOPLE's unalienable rights are worth nothing or is it simply for the sake of money; if either is true then ignoring the Constitutions, legislature's intent and judicial canons, etc. are a cake walk!

The tax scheme as applied is broken and it ultimately drives people out of their unalienable property or takes away its value; and by not answering questions relating to definitions, you are also depriving me of due process. It should also go without saying that what you are doing is knowingly, willfully and with intent depriving WE THE PEOPLE of our property rights and our Life, Liberty and Pursuit of Happiness. Most people in Texas know this, and/or feel in their gut that something is very wrong with the way things are, heck – even the legislature knows it or the issue wouldn't have to brought up every year it is in session!

I have not found a judge yet that cares about their oath, the Peoples unalienable Rights, the Constitutions, legislative intent, or superior case law. Heck the first court of appeals won't even apply its own meaning to a phrase - to the entire statute as it's supposed to when it comes to a *pro se* or if it doesn't not fit their agenda; so why should any living soul expect anything different from a district court?

I, Michael-Francis: Palma, as one of the sovereign WE THE PEOPLE, do hereby mandate this court answer these questions put to the District and this court in good faith and clean hands

and finally put to bed - for all Texans to see, why their private unalienable homes are alienable[23] by political subdivisions in Texas.

### REQUESTED FACTS AND CONCLUSIONS

1) Therefore, I am requesting this Court produce a list of properties that are "exempt as required" as stated in the Texas Constitution or as would be declared in the Declaration of Independence, if the founding fathers had put a list there, that deal with WE THE PEOPLE's life, liberty and pursuit of happiness.

2) Or in the alternative, detail why a Man's home is not an unalienable God given rights. Note that this is appealable under Sec. 1 Art. 1 of the Texas Constitution among others and the federal Constitution.

The legal meaning of a term - "*if there is a question as to the legal meaning of a term, such determination is a question of fact*, i.e., what is the meaning under Texas jurisprudence?"[24] These are appealable via a Writ of Error upon which an appeals court can proceed *de novo*.[25]

Hence, what are the definitions of the following terms and phrases of art:

3) Located in Texas (this phrase is NOT found in chapter 11 of the tax code)
4) Located in this state (as stated in tax code §§11.01, and 11.02.)
5) Situs (the only place this term is stated in chapter 11 of the tax code is §11.43)
6) Taxable situs (the only place this term is stated in chapter 11 of the tax code is §11.35)

Plaintiff is requesting this court to

7) provide the delegated authority that allows a political subdivision to exercise its authority over a private non-business home.

This Court is now mandated to be able to definitively show how a political subdivision, this appraisal district, of the state has any rights to interfere with the life, liberty and pursuit of happiness of this American and his property.

---

[23] **alienable**, the capacity for a piece of property or a property **right** to be sold or otherwise transferred from one party to another.

[24] State v. Laird, 38 S.W.3d 707, 712 (Tex. App.—Austin 2000, pet. ref'd); Lawyers Sur. Corp. v. Riverbend Bank, 966 S.W.2d 182, 185 (Tex. App.—Fort Worth 1998, no pet.); Lloyd A. Fry Roofing Co. v. State, 541 S.W.2d 639, 642 (Tex. Civ. App.—Dallas 1976, writ ref'd n.r.e.), E.g., City of Rockwall v. Hughes, 246 S.W.3d 621, 629 (Tex. 2008). FKM P'ship v. Bd. of Regents, 255 S.W.3d 619, 633 (Tex. 2008); Great Am. Ins. Co. v. N. Austin Mun. Util. Dist. No. 1, 908 S.W.2d 415, 421 (Tex. 1995). City of Rockwall v. Hughes, 246 S.W.3d 621, 625–26 (Tex. 2008).

[25] *Greene v. Farmers Ins. Exch.*, 446 S.W.3d 761, 765 (Tex. 2014)

**Respectfully Submitted**

<u>**/s/ Michel-Francis: Palma**</u>
**Michael-Francis: Palma, beneficiary**
**In Propria Persona**
**In care of:  5026 Autumn Forest Dr.**
**Houston [77091], Texas**
<u>**Mpalma1@gmail.com**</u>
**713-263-9937**

EXHIBIT Z
AUGMENTED PAY TO STATE JUDGES
FROM THE COUNTIES

## Administrative Office of the District Courts
### Harris County, Texas

**Clay Bowman**
ADMINISTRATOR

1201 Franklin, 7th Floor
Houston, Texas 77002
Telephone No. (832) 927-6559; Fax No. (832) 927-6573

June 8, 2018

Michael-Francis: Palma
c/o 5026 Autumn Forest Dr.
Houston, Texas 77091
Via Email <mpalma1@gmail.com>

Re: Information Request Dated May 29, 2018

Dear Mr. Palma:

I'm writing in response to your request dated May 29, 2018 in which you inquired **"Do any of the current judges in these courts receive additional county compensation above and beyond the state salary?"**

In April, 2014, Harris County Commissioners Court approved the current rate of additional compensation by the county for each district judge, which is $18,000 annually. The authority for payment of additional compensation by the county may be found in Texas Government Code Section 32.001.

You also wrote: **"And where might I obtain the Oaths, Bonds, appointment, and statement of officer for the justices.**
1) **270 District Court (270th District Court)**
2) **113 District Court (113th District Court)**
3) **157 District Court (157th District Court)"**

Per the Texas Constitution, art. XVI, §1, district judges file the required Oath or Affirmation of office and Statement of Officer with the Secretary of State. Requests for copies of judicial oaths and statements may be directed to the Texas Secretary of State:

    Texas Secretary of State
    P.O. Box 12887
    Austin, Texas 78711-2887

Thank you for your interest in the work of our courts.

    Respectfully,

    *[signature]*
    Clay Bowman

SHERRY RADACK
 CHIEF JUSTICE

TERRY JENNINGS
EVELYN KEYES
LAURA CARTER HIGLEY
JANE BLAND
MICHAEL MASSENGALE
HARVEY BROWN
RUSSELL LLOYD
JENNIFER CAUGHEY
 JUSTICES



# Court of Appeals
# First District

301 Fannin Street
Houston, Texas 77002-2066

CHRISTOPHER A. PRINE
 CLERK OF THE COURT

JANET WILLIAMS
 CHIEF STAFF ATTORNEY

PHONE: 713-274-2700

www.txcourts.gov/1stcoa

June 19, 2018

Mr. Michael-Francis: Palma                    **Via CMRRR**
c/o 5026 Autumn Forest Dr.
Houston, Texas 77901

Re:   Open Records Request Received June 13, 2018

Dear Mr. Palma:

    On June 13, 2018, the First Court of Appeals received your public information request. Please note that the judiciary is expressly excluded from the definition of a "governmental body" under the Texas Public Information Act (formerly the Texas Open Records Act). *See* TEX. GOV'T CODE ANN. § 552.003(1)(B) (Vernon Supp. 2013). Consequently, judicial information is not "public information" subject to the Act. *See Holmes v. Morales*, 924 S.W.2d 920, 922 (Tex. 1996). Your request instead has been considered under Rule 12 of the Texas Rules of Judicial Administration, which governs public access to judicial records.

    You have requested the following information:

> Do the Appeals Court judges obtain augmented pay from the County on top of their salary provided by the State, and if so, how much.

Pursuant to applicable provisions in the Texas Government Code, the Court's justices receive $9,000 per year in additional compensation. Tex. Gov't Code Ann. §§ 31.001 and 659.012. The compensation is for all extrajudicial services performed by the justices. Tex. Gov't Code Ann. § 31.001. The compensation is paid through Harris County. Harris County then obtains reimbursement of a pro rata share from the remaining nine counties served by the Court.

**Your right to appeal:** Under Rule 12.9 of the Rules of Judicial Administration, you may appeal the denial of any of your requests for information by filing a petition for review with:

> The Administrative Director
> Office of Court Administration
> 205 W. 14th Street, Suite 600
> Austin, Texas 78711-2066
> **512/463-1625**
> (Fax 512/463-1648)

Sincerely,

*Sherry Radack*

Sherry Radack
Chief Justice

| Justices | | Chief Justice |
|---|---|---|
| WILLIAM J. BOYCE | | KEM THOMPSON FROST |
| TRACY CHRISTOPHER | | |
| MARTHA HILL JAMISON |  | Clerk |
| J. BRETT BUSBY | | CHRISTOPHER A. PRINE |
| JOHN DONOVAN | **Fourteenth Court of Appeals** | Phone: 713/274-2800 |
| MARC W. BROWN | | |
| KEN WISE | | www.14thcoa.courts.state.tx.us |
| KEVIN D. JEWELL | 301 Fannin Room 245 | |
| | Houston, Texas 77002 | |

June 19, 2018

Mr. Michael-Francis: Palma                                          **Via CMRRR**
c/o 5026 Autumn Forest Dr.
Houston, Texas 77901

Re:    Open Records Request Received June 13, 2018

Dear Mr. Palma:

   On June 13, 2018, the Fourteenth Court of Appeals received your public information request. Please note that the judiciary is expressly excluded from the definition of a "governmental body" under the Texas Public Information Act (formerly the Texas Open Records Act). *See* TEX. GOV'T CODE ANN. § 552.003(1)(B) (Vernon Supp. 2013). Consequently, judicial information is not "public information" subject to the Act. *See Holmes v. Morales*, 924 S.W.2d 920, 922 (Tex. 1996). Your request instead has been considered under Rule 12 of the Texas Rules of Judicial Administration, which governs public access to judicial records.

   You have requested the following information:

> Do the Appeals Court judges obtain augmented pay from the County on
> top of their salary provided by the State, and if so, how much.

Pursuant to applicable provisions in the Texas Government Code, the Court's justices receive $9,000 per year in additional compensation. Tex. Gov't Code Ann. §§ 31.001 and 659.012. The compensation is for all extrajudicial services performed by the justices. Tex. Gov't Code Ann. § 31.001. The compensation is paid through Harris County. Harris County then obtains reimbursement of a pro rata share from the remaining nine counties served by the Court.

**Your right to appeal:** Under Rule 12.9 of the Rules of Judicial Administration, you may appeal the denial of any of your requests for information by filing a petition for review with:

> The Administrative Director
> Office of Court Administration
> 205 W. 14th Street, Suite 600
> Austin, Texas 78711-2066
> **512/463-1625** (Fax 512/463-1648)

Sincerely,

Kem Thompson Frost
Chief Justice