United States District Court
Southern District of Texas
**ENTERED**
June 28, 2021
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| MICHAEL PALMA, § | |
| § | |
| Plaintiff, § | |
| § | |
| V. § | CIVIL ACTION NO. H-20-2741 |
| § | Consolidated with |
| HARRIS COUNTY APPRAISAL DISTRICT, § | CIVIL ACTION NO. H-20-2743 |
| DEDRA DAVIS, and CHRISTINE WEEMS, § | |
| § | |
| Defendants. § | |

## MEMORANDUM AND RECOMMENDATION

Pending in this case in which Plaintiff, proceeding *pro se*, complains about certain property tax proceedings in state court, is Defendant Dedra Davis' Motion to Dismiss (Document No. 7 in Civil Action No. H-20-2741), Defendant Harris County Appraisal District's Motion to Dismiss (Document No. 8 in Civil Action No. H-20-2741), Defendant Christine Weems' Motion to Dismiss (Document No. 9 in Civil Action No. H-20-2743) and Defendant Harris County Appraisal District's Motion to Dismiss (Document No. 15 in Civil Action No. H-20-2743). Having considered the Motions to Dismiss, Plaintiff's responses in opposition, the additional briefing, the allegations in Plaintiff's current pleadings, and the applicable law, the Magistrate Judge RECOMMENDS, for the reasons set forth below, that Defendants' Motions to Dismiss (Document Nos. 7 and 8 in Civil Action No. H-20-2741 and Document Nos. 9 & 15 in Civil Action No. H-20-2743) all be GRANTED.

This case was filed by Plaintiff Michael Palma *pro se* against the Harris County Appraisal District and two state district judges, Dedra Davis and Christine Weems. In his current pleadings, Palma alleges that the Harris County Appraisal District "failed to provide critical state constitutional list and statutory definition" and that the two state district judges "abused their discretion by not

producing the same list and definition in a findings of fact." According to Palma, he is entitled to know, from both the Harris County Appraisal District and the two state district judges before whom he had property tax proceedings, what is meant by, or considered to be, "exempt" under Section 1(b), Article 8 of the Texas Constitution and Section 11.01 of the Texas Tax Code; and what is meant by, or considered to be, "located in this state" under sections 11.01 and 11.02 of the Texas Tax Code. Palma ostensibly seeks such definitions and lists to further his arguments that the real property he owns at 5026 Autumn Forest Drive, Houston, Texas 77091 (hereafter referred to as "the Property") should not be subject to property taxes in the State of Texas. Palma also alleges that the failure of the Harris County Appraisal District and Judges Davis and Weems to provide him with those definitions and lists constitutes a denial of his due process rights under 42 U.S.C. § 1983.

Defendants Davis and Weems argue in their Motions to Dismiss that dismissal of Palma's claim(s) is warranted on numerous bases, including: (1) for frivolousness; (2) for lack of standing; (3) as barred by Eleventh Amendment immunity; 4) as barred by the *Rooker-Feldman* doctrine; (5) as barred by judicial immunity; and (6) for failure to state a claim upon which relief may be based. Defendant Harris County Appraisal District argues in its Motion to Dismiss that dismissal of Palma's claim(s) is warranted on two bases: (1) for lack of subject matter jurisdiction under the Tax Injunction Act; and (2) for lack of jurisdiction under the *Rooker-Feldman* doctrine. As the commonality between the Motions to Dismiss is the invocation of the *Rooker-Feldman* doctrine, that is where the undersigned's consideration will begin.

The *Rooker-Feldman* doctrine provides that federal district courts have "no authority to review final judgments of a state court in judicial proceedings." *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983). That means that "federal courts do not have subject

matter jurisdiction in 'cases brought by state court losers complaining of injuries caused by state court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.'" *Boatwright v. Plumley*, No. 3:20-cv-00043-l (BT), 2020 WL 4550418 (N.D. Tex. June 25, 2020) (quoting *Exxon Mobile Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)), *report and recommendation adopted*, 2020 WL 4530368 (N.D. Tex. Aug. 5, 2020). "If the district court is confronted with issues that are 'inextricably intertwined' with a state judgment, the court is 'in essence being called upon to review the state court decision,' and the originality of the district court's jurisdiction precludes such a review." *United States v. Shepherd*, 23 F.3d 923, 924 (5th Cir. 1994) (quoting *Feldman*, 460 U.S. at 482). It matters not that civil rights claims are raised, for "[l]itigants may not obtain review of state court actions by filing complaints about those actions in lower federal courts case in the form of civil rights suits." *Hutchings v. County of Llano, Texas*, Case No. 1:20-CV-308-LY-SH, 2020 WL 4289383 (W.D. Tex. July 27, 2020) (citing *Liedtke v. State Bar of Texas*, 18 F.3d 315, 317 (5th Cir. 1994)), *report and recommendation adopted*, 2020 WL 6145204 (W.D. Tex. Sept. 3, 2020).

Here, while construing Palma's allegations liberally given his *pro se* status, nothing in plaintiff's allegations seeks anything more than a re-evaluation of the state courts' decisions relative to his property tax obligations on the Property. Palma maintains in his responses to the Motions to Dismiss that he is not seeking a re-evaluation of those decisions, but rather, a written explanation or written findings that explain how or why the Property is not "exempt" and/or the basis upon which the Property is considered to be "located" in the state for purposes of § 11.01 of the Texas

Tax Code.[1]  Despite Palma's differentiation of the issues in the underlying state court proceedings and this case, a review of those underlying state court proceedings reveals that Palma asked for the exact same things in those proceedings as he seeks herein.

The record shows that Palma filed suit against the Harris County Appraisal District on January 9, 2019 in the 281st District Court of Harris County, Cause No. 2019-02377 (hereafter referred to as "2019 case").  Christine Weems is, and was at the time the 2019 case was filed, the State District Judge for the 281st District Court of Harris County, Texas.  In the pleading Palma filed in the 2019 case, which he titled a "Writ of Mandamus to Hold Administrative Hearing Pursuant to Tax Code § 41.41(a)(3)," Palma alleged that the Property was exempt from ad valorem taxes and that the taxes assessed for 2018 were not legally or constitutionally assessed (Document No. 15-1 in Civil Action No. 20-2473).  The Harris County Appraisal District filed a Motion for Summary Judgment in the 2019 case, which Judge Weems granted in May 29, 2020 (Document No. 15-6). Palma then filed a request for Findings of Fact and Conclusions of Law (Document No. 15-7), and argued therein that there was an absence of authority upon which it could be determined which property is "exempt" and which property can be considered "located in this state" for purposes of ad valorem taxes.  As of this date, no action has been taken in the 2019 case on Palma's request for findings of fact and conclusions of law.  In addition, it appears that no appeal has been filed in the

---

[1] Pursuant to § 11.01 of the Texas Tax Code:
a) All real and tangible personal property that this state has jurisdiction to tax is taxable unless exempt by law.
(b) This state has jurisdiction to tax real property if located in this state.
In addition, Article VIII, § 1(b) of the Texas Constitution provides for taxation of property "in this State," unless "exempt." ("All real property and tangible personal property in this State, unless exempt as required or permitted by this Constitution, whether owned by natural persons or corporations, other than municipal, shall be taxed in proportion to its value, which shall be ascertained as may be provided by law.").

2019 case.

The record additionally shows that on January 2, 2020, Palma filed suit against the Harris County Appraisal District and the Harris County Tax Assessor Collector in the 270th District Court of Harris County, Texas, Cause No. 2020-00039 (hereafter referred to as "2020 case"). Dedra Davis is, and was at the time the 2020 case was filed, the State District Judge for the 270th District Court of Harris County, Texas. In the Original Petition he filed in the 2020 case, Palma challenged the 2019 taxes on the Property, alleging that the Harris County Appraisal District had "never stated why" the Property is "not 'exempt as required'" under the Texas Constitution," the Harris County Appraisal District "has never definitively stated, nor has it ever agreed with, what the definition of the legal phrase 'located in this state' means." (Document No. 8-1 at 1, 2). In his "Prayer" for relief, Palma asked in the 2020 case that the court:

> 1) Write a legal decision of what property is exempt under the Organic Laws of this Country,
>
> 2) Draw a legal conclusion of what "located in this state" means as the appellate courts have done[;] and
>
> 3) order the deferment of the delinquency date of alleged ad valorem taxes due until such time as the foregoing has occurred and this case has run its course through the state district and appeals courts[,] if any.

(Document No. 8-1 at 3). The Harris County Appraisal District filed a Motion for Summary Judgment in the 2020 case, which Judge Davis granted on June 9, 2020, in a short order which stated that the Property "should be included on the appraisal records for the 2019 tax year." (Document No. 8-5). Palma thereafter filed a request for findings of fact and conclusions of law in the 2020 case. (Document No. 8-6). As of this date, no action has been taken in the 2020 case on Palma's request for findings of fact and conclusions of law. In addition, it appears that no appeal has been

filed in the 2020 case.

Certainly in the 2020 case, and less directly in the 2019 case, Palma sought the relief from the state courts that he now seeks in this case – an explanation and delineation of what property is "exempt" from taxes under § 11.01 of the Texas Tax Code and Article VIII, § 1(b) of the Texas Constitution, and what property is, and can be considered "located in this state" under § 11.01 of the Texas Tax Code and Article VIII, § 1(b) of the Texas Constitution. The state courts did not address those issues directly, but did determine that the Property is, and has been, properly included in the appraisal records for tax years 2018 and 2019. That the state district courts did not explain their decisions in a manner requested by Palma does not give rise to a separate claim herein, particularly given that the relief sought herein is inextricably intertwined with the merits of the 2019 case and the 2020 case. *Rooker-Feldman* dictates that the Court decline to exercise subject matter jurisdiction over the claims raised by Palma in this case. *See Palma v. Luker*, Civil Action No. H-18-0335, 2019 WL 1330332, at *4 (S.D. Tex. Mar. 25, 2019) (where essential aspect of Palma's claim(s) was tax dispute about property taxes on 5026 Autumn Forest Drive, Houston, Texas, for 2015, 2016 and 2017, *Rooker-Feldman* doctrine precluded the exercise of subject matter jurisdiction), *reconsideration denied*, No. CV H-18-0335, 2019 WL 12117151 (S.D. Tex. Apr. 4, 2019), *and appeal dismissed*, No. 19-20193, 2019 WL 4667550 (5th Cir. June 13, 2019); *Hutchings*, 2020 WL 4289383 at *5 (concluding that *Rooker-Feldman* doctrine precluded subject matter jurisdiction over plaintiff's complaints about his property taxes). It is, therefore

RECOMMENDED that Defendants' Motions to Dismiss (Document Nos. 7 and 8 in Civil Action No. H-20-2741 and Document Nos. 9 & 15 in Civil Action No. H-20-2743) all be GRANTED and this case be DISMISSED WITH PREJUDICE for lack of subject matter

jurisdiction.

The Clerk shall file this instrument and provide a copy to all counsel and unrepresented parties of record. Within fourteen (14) days after being served with a copy, any party may file written objections pursuant to 28 U.S.C. § 636(b)(1)(c), FED. R. CIV. P. 72(b) to the Recommendation made herein as to Defendants' Motion to Dismiss. Failure to file objections within such period shall bar an aggrieved party from attacking factual findings on appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Ware v. King*, 694 F.2d 89 (5th Cir. 1982), *cert. denied*, 461 U.S. 930 (1983); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982) (en banc). Moreover, absent plain error, failure to file objections within the fourteen day period bars an aggrieved party from attacking conclusions of law on appeal. *Douglass v. United Services Automobile Association,* 79 F.3d 1415, 1429 (5th Cir. 1996). The original of any written objections shall be filed with the United States District Clerk, P.O. Box 61010, Houston, Texas 77208.

Signed at Houston, Texas, this 28th day of June, 2021.

Frances H. Stacy
United States Magistrate Judge